Eric D. Wilson, OSB #044556
ewilson@oregonemploymentlaw.com
Eric Wilson, P.C.
1500 SW 1st Ave., Suite 1170
Portland, Oregon 97201
Phone: 503.880.9372
Fax: 503.208.8026

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CHERYL LAMBERT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MARKET FRUIT, INC., an Oregon corporation; TAMMI PACKER, an individual,<br><br>Defendants. | Case No.<br><br>COMPLAINT<br><br>Unpaid Overtime, FLSA Liquidated Damages, Oregon Penalty Wages, and Attorneys' Fees (29 U.S.C. § 201 *et seq.*; ORS Chapter 652; ORS Chapter 653)<br><br>DEMAND FOR JURY TRIAL |

Plaintiff brings the following claims to enforce her rights under federal and state wage and hour laws following Defendants' willful failure to pay Plaintiff time-and-a-half wages for work she performed in excess of forty-hours per week during her employment; Plaintiff seeks her unpaid overtime wages, liquidated damages under the FLSA, and Oregon penalty wages, as well as costs and attorneys' fees under state and federal law.

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the FLSA's private right of action, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because Plaintiff's claims form part of the same case or controversy against the same Defendants.

2.  Venue is proper with the District of Oregon, Portland Division, per 28 U.S.C. § 1391(b) because all or substantially all of Plaintiff's claims arose in this judicial district—specifically, in Hood River County, Oregon.

## PARTIES

3.  Defendant Market Fruit Inc. ("MARKET FRUIT") is an Oregon corporation that sells fruit, vegetables and jams that it purchases from other entities, as well as baked goods that it produces in its bakery; MARKET FRUIT's principal place of business is in Hood River County, Oregon; MARKET FRUIT employed Plaintiff in Hood River County, Oregon.

4.  Defendant Tammi Packer ("PACKER") is the Owner, President, Secretary, and Registered Agent for MARKET FRUIT who, at all material times, used her position with the company to assert and exercise supervisory authority and control over Plaintiff.

5.  Plaintiff worked as an hourly employee for MARKET FRUIT in Oregon for several years, during which she transported MARKET FRUIT's goods to farmer's markets in Oregon and Washington, worked as a sales person at said farmer's markets,

and helped out in the company's bakery, among other tasks.

## ALLEGATIONS

6. Plaintiff was employed by MARKET FRUIT and PACKER from 2005 until June 28, 2017.

7. Market Fruit is not an agricultural employer. Market Fruit buys fruit, vegetables, jams, and related products from other farms and other businesses and sells those products at farmer's markets in Oregon and Washington. Market Fruit also sells baked goods and related items made at its storefront bakery in Hood River using ingredients that company purchases from other farms and other businesses.

8. Plaintiff performed either no agricultural work or *de minimis* agricultural work during her years of employment with MARKET FRUIT. Instead, Plaintiff worked primarily as a sales person/cashier at farmer's markets in Oregon and Washington selling good MARKET FRUIT purchased from other farms and other businesses.

9. During each and every week Plaintiff was employed by MARKET FRUIT, Plaintiff sold, transported and/or handled goods that were grown by other entities and/or purchased from other entities by MARKET FRUIT and PACKER.

10. At all material times during Plaintiff's employment with MARKET FRUIT, Plaintiff was a non-exempt, hourly employee entitled to time-and-a-half wages for all work she performed in excess of forty hours per week under the FLSA and Oregon Law.

11. During her employment with MARKET FRUIT, Plaintiff routinely worked in excess of forty hours per week.

12.  Throughout Plaintiff's employment, however, MARKET FRUIT and PACKER willfully failed to pay Plaintiff the time-and-a-half wages to which she was lawfully entitled for her overtime hours—even after Plaintiff complained to PACKER about her failure to pay time-and-a-half wages.

13.  Instead, at all material times during Plaintiff's employment, MARKET FRUIT and PACKER unlawfully paid Plaintiff straight-time rather than time-and-a-half wages when Plaintiff worked more than 40 hours per week.

14.  Defendants' wage theft is documented in Plaintiff's pay stubs, which demonstrate that Plaintiff was paid straight-time rather than time-and-a-half wages for all overtime work she performed on behalf of MARKET FRUIT and PACKER.

15.  The paystubs Plaintiff currently has in her possession show that from September 20, 2014, through the end of Plaintiff's employment, Plaintiff worked *at least* 1,426 hours of overtime for MARKET FRUIT and PACKER, for which Plaintiff was unlawfully paid straight-time rather than time-and-a-half wages.

16.  Specifically, the paystubs Plaintiff has in her possession show Plaintiff was paid straight time rather than the time-and-a-half wages to which she was lawfully entitled for the following overtime hours:

- 117 hours of overtime from her September 20, 2014 paycheck to her October 5, 2014 paycheck—during which she was paid a straight-time rate of $13.50 per hour;

- 160 hours of overtime from her October 20, 2014 paycheck to her December 5, 2014 paycheck—during which she was paid a straight-time rate of $15.00 per hour;

- 22 hours of overtime from her February 2, 2015 paycheck to her April 2, 2015 paycheck—during which she was paid a straight-time rate of $15.50 per hour;

- 384 hours of overtime from her April 20, 2015 paycheck to her November 20, 2015 paycheck—during which she was paid a straight-time rate of $16.00 per hour;

- 743 hours of overtime from her April 18, 2016 paycheck to her June 20, 2017 paycheck—during which she was paid a straight-time rate of $17.00 per hour.

17. By denying Plaintiff time-and-a-half wages for overtime work, MARKET FRUIT and PACKER repeatedly and willfully violated the FLSA and Oregon law.

18. On August 26, 2017, Defendants received Plaintiff's written demand for payment of overtime wages as described herein as well as written notice that Plaintiff would pursue liquidated damages, Oregon penalty wages, individual claims against PACKER, and cost and attorneys' fees under the FLSA and Oregon Law.

19. Defendants failed to respond and failed to remit any unpaid wages to Plaintiff following their receipt of this written notice.

## FIRST CLAIM FOR RELIEF
## UNPAID OVERTIME, LIQUDATED DAMAGES, AND ATTORNEYS' FEES
## UNDER THE FLSA
(Against All Defendants)

20. Plaintiff restates and incorporates by reference paragraphs 1-19, as though fully set forth herein.

21. At all material times herein, Defendants were "employers" within the meaning of the FLSA.

22. At all material times herein, MARKET FRUIT was "an enterprise engaged in commerce" under the FLSA.

23. At all material times herein, MARKET FRUIT's annual gross revenue was over $500,000 per year.

24. The FLSA requires employers to compensate all non-exempt employees at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of forty hours in a work week.

25. As alleged above, Plaintiff was not engaged in "agricultural employment," as that term is defined under Oregon law, including OAR 839-020-0004(4).

26. Plaintiff was paid hourly, was not engaged in agricultural employment, and was not exempt from the right to receive overtime pay under the FLSA.

27. As such, Plaintiff is legally entitled to be paid overtime compensation for all overtime hours worked.

28. At all material times, Defendants failed and refused to pay overtime to Plaintiff for the hours Plaintiff worked in excess of forty hours per week.

29. As a result of Defendants' failure to compensate Plaintiff at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of forty hours per work week, Defendants violated the FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

30. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(A).

31. Under the FLSA, Plaintiff is entitled to damages in the amount of her unpaid overtime compensation from September 20, 2014 through present—an amount equal to *at least* $11,633.00.

32. In addition, given Defendants' willful violation, Plaintiff is also entitled liquidated damages as provided by the FLSA, 29 U.S.C. §216(b) in an amount equal to *at least* an additional $11,633.00.

33. In addition, Plaintiff requests attorney's fees and costs associated with this case pursuant to the FLSA, 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## UNPAID OVERTIME, PENALTY WAGES, AND ATTORNEYS' FEES UNDER OREGON LAW
(Against MARKET FRUIT)

34. Plaintiff restates and incorporates by reference paragraphs 1-19, as though fully set forth herein.

35. At all material times herein, MARKET FRUIT was an "employer" under Oregon law.

36. Oregon law requires employers to compensate non-exempt employees at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of forty hours in a work week.

37. As alleged above, Plaintiff was not engaged in "agricultural employment," as that term is defined under Oregon law, including OAR 839-020-0004(4).

38. Plaintiff was paid hourly, was not engaged in agricultural employment, and was not exempt from the right to receive overtime pay under Oregon law.

39. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked.

38. At all material times, MARKET FRUIT failed and refused to pay overtime to Plaintiff for the hours Plaintiff worked in excess of forty hours per week.

39. As a result of MARKET FRUIT'S failure to compensate Plaintiff at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of forty hours per work week, MARKET FRUIT violated Oregon law including, but not limited to, ORS Chapter 653.

40. Under Oregon law, Plaintiff is entitled to damages in the amount of her unpaid overtime compensation from September 20, 2015 through present.

41. In addition, pursuant to ORS 652.150, because MARKET FRUIT unlawfully failed to pay Plaintiff all of her earned wages following the end of Plaintiff's

employment, Plaintiff's wages continued at her then-hourly rate of $17.00 per hour, for eight hours per day, for thirty days, such that MARKET FRUIT also owes Plaintiff Oregon penalty wages equal to an additional amount of $4,080.00.

42. In addition, Plaintiff requests attorney's fees and costs associated with this case pursuant to ORS 653.055 and ORS 652.200.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

**WHEREFORE,** Plaintiff requests the following judgments and relief according to proof:

1. Compensation for unpaid overtime wages;

2. Liquidated damages in an amount equal to the overtime award;

3. Oregon penalty wages;

4. Reasonable costs and attorneys' fees per the statutes cited herein;

5. Prejudgment and post-judgment interest as appropriate and allowed by law;

6. All such other relief as this Court may deem proper.

DATED this 19th day of August, 2017.

           **ERIC WILSON, P.C.**

           By:   /s/ Eric D. Wilson
                **Eric D. Wilson**, OSB #044556
                ewilson@oregonemploymentlaw.com
                Phone: 503.880.9372
                Facsimile: 503.208.8026
                *Attorney for Plaintiff*